Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| VÍCTOR LYONS VILLANUEVA<br><br>Recurrente<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2025RA00194 | Revisión procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 147218<br><br>Sobre: Jurisdicción |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de octubre de 2025.

**I**

Comparece el Sr. Víctor Lyons Villanueva (señor Lyons Villanueva o recurrente) por derecho propio e *in forma pauperis* y nos solicita que revisemos una *Resolución* emitida el 10 de abril de 2025 por la Junta de Libertad Bajo Palabra (JLBP o recurrida).[1] En esta, la agencia recurrida concluyó que, conforme a una cláusula de exclusión de jurisdicción establecida en la Sección 3 de la Ley Núm. 85-2024, carecía de jurisdicción para atender la petición de libertad bajo palabra del señor Lyons Villanueva hasta el 9 de enero de 2027, fecha en que tentativamente cumpliría la pena impuesta por el delito de agresión sexual.[2] El 2 de julio de 2025, la JLBP reiteró esta

---

[1] Anejo 1 del expediente del caso TA2025RA00194 en el SUMAC del Tribunal de Apelaciones. Archivada el 11 de abril de 2025 y notificada al recurrente el 27 de mayo de 2025.

[2] El propósito del estatuto fue enmendar el Artículo 308 de la Ley Núm. 146-2012, Código Penal de Puerto Rico, 33 LPRA sec. 5416 y el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA sec. 1503, a los fines de reafirmar que las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, aclarar que la Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, disponer que el referido estatuto no surtirá efecto en el cálculo de su sentencia; y para otros fines relacionados.

determinación al denegar la reconsideración instada por el recurrente y señalar que el Departamento de Corrección y Rehabilitación (DCR) debía referirlo una vez resultara elegible, luego de cumplir la pena impuesta por agresión sexual.[3]

El señor Lyons Villanueva alegó que la Ley Núm. 85-2024 era contraria a derecho, por ser irrazonable, arbitraria, aplicada de forma *ex post facto* y más onerosa que la Ley Núm. 85-2022.[4] En una nueva comparecencia presentada el 6 de octubre de 2025, el recurrente reiteró sus planteamientos en dicha dirección.

Por su parte, el 29 de septiembre de 2025 la Oficina del Procurador General de Puerto Rico (OPG) compareció en representación de la JLBP y solicitó la desestimación de este recurso, debido a que dicha entidad decidió asumir jurisdicción sobre la petición de libertad bajo palabra presentada por el señor Lyons Villanueva y evaluar si cumple con los criterios para conceder dicho privilegio, lo que, concluyó, tornó el recurso ante nuestra consideración en uno académico.

Por los fundamentos que se exponen a continuación, se desestima el recurso presentado por el señor Lyons Villanueva.

**II**

La jurisdicción es el poder o la autoridad de un tribunal para atender y resolver controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En su ausencia, el tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Pues, la falta de jurisdicción es insubsanable y acarrea la nulidad del dictamen emitido. *Íd.* En consecuencia, tiene un deber indelegable de examinar, inicialmente, su jurisdicción, ya

---

[3] *Íd.*, Anejo 3. Archivada el 2 de julio de 2025 y notificada el 14 de julio de 2025.
[4] Los fines de esta ley fue enmendar el Artículo 308 de la Ley Núm. 146-2012, Código Penal de Puerto Rico, *supra*, sec. 5416 y el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, *Ley de la Junta de Libertad Bajo Palabra, supra*, sec. 1503.

que no puede asumirse ni conferirse voluntariamente por las partes. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

Cuando un tribunal carece de jurisdicción para atender un asunto, corresponde así declararlo y desestimar inmediatamente el recurso sin examinar los méritos. *Íd.*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Ante ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 83, establece que este Tribunal, a iniciativa propia o a petición de parte, podrá desestimar un recurso por falta de jurisdicción.

En lo que nos concierne, a través de un recurso de revisión judicial, este Tribunal solamente tiene facultad para examinar decisiones, órdenes y resoluciones administrativas finales. Art. 4.006(c) de la *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y; Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672; Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, R. 56.

### III

En este caso, el señor Lyons Villanueva nos solicitó evaluar una determinación de la JLBP mediante la cual se declaró sin jurisdicción para atender su petición de ser considerado para el privilegio de quedar en libertad bajo palabra. No obstante, durante el curso del trámite apelativo, la OPG informó que la JLBP decidió asumir jurisdicción para evaluar nuevamente la petición del recurrente. De esta manera, ante este Tribunal no existe una resolución final susceptible de revisión judicial, puesto que la propia entidad administrativa determinó reconsiderar la solicitud del señor Lyons Villanueva. Ello, para determinar si este cumple o no con los requisitos para ser considerado como acreedor del privilegio de libertad bajo palabra. En vista de lo anterior, toda vez que no existe

una determinación final de la JLBP, carecemos de jurisdicción para considerar el recurso en sus méritos y procede su desestimación. Una vez la JLBP concluya su evaluación del asunto ante sí y emita su determinación final, el recurrente podrá instar nuevamente un recurso de revisión judicial ante este Tribunal, en caso de considerar que la determinación que sea alcanzada por la agencia no le sea favorable.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial.

El DCR deberá entregar copia de esta determinación al señor Lyons Villanueva en la institución penal donde se encuentre recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Hernández Sánchez concurre con el resultado sin expresión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones